IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

MA'QUAL T. COBBS,
    Plaintiff,

v.                                                                           Civil No. 3:21cv663 (DJN)

OFFICER WALKER,
    Defendant.

**MEMORANDUM OPINION**

This matter comes before the Court on Plaintiff's Motion to Reconsider. (ECF No. 34.) By Memorandum Order entered on November 10, 2021, the Court conditionally docketed Plaintiff's action. (ECF No. 3.) At that time, the Court informed Plaintiff that he must keep the Court informed of his address and that the failure to do so would result in the dismissal of the action. On April 1, 2022, the United States Postal Service returned a March 18, 2022 letter from the Clerk to the Court marked, "RETURN TO SENDER" because Plaintiff was released. (ECF No. 28, at 1.) Thereafter, Plaintiff did not promptly provide the Court with a current address. Accordingly, by Memorandum Opinion and Order entered on April 22, 2022, the Court dismissed the action without prejudice. (ECF No. 30.)

On May 19, 2022, Plaintiff mailed his Motion for Reconsideration to this Court. (ECF No. 34, at 3.) The Court deems the Motion for Reconsideration filed as of this date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (deeming notice of appeal filed at time prisoner delivered it to the prison authorities for mailing). Additionally, the Court will treat the Motion for Reconsideration as one for relief under Federal Rule of Civil Procedure 59(e). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (filings made within

twenty-eight days after the entry of judgment construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Here, it appears that relief is warranted in order to prevent manifest injustice. The Court dismissed the action without prejudice, because Plaintiff failed to keep the Court apprised of his current address. In his Motion for Reconsideration, Plaintiff represents that he was transferred to the Haynesville Correctional Center on March 17, 2022 and promptly attempted to update the Court as to his new address. However, due to circumstances largely beyond his control, he was delayed in providing the Court with his new address. Accordingly, Plaintiff's Motion for Reconsideration (ECF No. 34) will be GRANTED. The April 22, 2022 Memorandum Opinion and Order will be VACATED. The Court WILL CONTINUE TO PROCESS the action.

Let the Clerk file a copy of this Memorandum Opinion electronically and send a copy to Plaintiff.

An appropriate Order shall issue.

                                                                   /s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: June 22, 2022